UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HARDY GAINES,<br><br>                  Petitioner,<br><br>v.<br><br>STATE OF MISSOURI,<br><br>                  Respondent. | Case No. 1:25-cv-00110-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Hardy Gaines has filed a Petition for Writ of Habeas Corpus. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

**1.    Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly

appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

**2.     Discussion**

Petitioner is a prisoner in the custody of the Missouri Department of Corrections and is currently incarcerated at the Eastern Reception Diagnostic Correctional Center in Bon Terre, Missouri. In the Petition, Petitioner challenges a criminal conviction entered in the Circuit Court of Cape Girardeau, in the State of Missouri. *See generally* Dkt. 1.

"Writs of habeas corpus may be granted" by the district courts only "*within their respective jurisdictions*." 28 U.S.C. § 2241(a) (emphasis added)). This language means that a "habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian." *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 495-99 (1973)).

Petitioner is not in custody pursuant to an Idaho state court judgment and is not incarcerated in Idaho. Thus, this Court lacks jurisdiction over Petitioner. The Court also lacks jurisdiction over Respondent, the State of Missouri. Consequently, this Court cannot consider Petitioner's habeas corpus petition. *See Id*.

However, that conclusion does not end the inquiry. A federal court lacking jurisdiction must consider whether the case should be dismissed or, instead, transferred to

a court properly having subject matter jurisdiction:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action … could have been brought at the time it was filed ....

28 U.S.C. § 1631. This statute "confers on [a federal court] authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court … that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988).

The Court concludes that the interests of justice would not be served by transferring this case to a federal district court in Missouri. The transfer statute "serves to aid litigants who were confused about the proper forum for review." *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987) (internal quotation marks omitted). Here, the Petition reveals no connection between Petitioner and Idaho, such that Petitioner reasonably could have been confused about the appropriate venue in which to file his Petition.

Accordingly, this case is subject to summary dismissal.

### ORDER

**IT IS ORDERED:**

1. This case is DISMISSED without prejudice for lack of jurisdiction. If Petitioner intends to pursue a federal habeas corpus challenge to his Missouri state court conviction, he must do so in a federal court in Missouri.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Habeas Rule 11.

DATED: May 22, 2025

_____
David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER - 4